UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GLEN D. RUSS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 06-5821 |
| MARLIN GUSMAN, SHERIFF OF ORLEANS PARISH | SECTION: "N" (4) |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Background

The Plaintiff, Glenn D. Russ ("Russ"), a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, Russ complains of the conditions of confinement he endured during Hurricane Katrina as a result of the allegedly untimely evacuation of inmates from the Orleans Parish Prison ("OPP").

Russ alleges that he was housed at OPP on August 28, 2005, and that Sheriff Gusman failed to evacuate the inmates during the approach of Hurricane Katrina. Russ further alleges that inmates were left in the prison following the storm without food or any assistance from prison officials. He complains that the conditions of his cell were deplorable as a result of the storm, with rising flood waters, sewage problems, no electricity, and no ventilation. Russ contends that, despite the mayor's call for a mandatory evacuation of the city, Sheriff Gusman and his staff simply abandoned the OPP inmates and left them to die. As relief, Russ seeks monetary damages.

## II.  Standards of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the Court is required to screen complaints concerning prison conditions filed by prisoners proceeding *in forma pauperis* and to dismiss those complaints *sua sponte* if they are frivolous or if they fail to state a claim on which relief may be granted.

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches*

*Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Russ's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

**III. Analysis**

As a preliminary matter, the Court notes that 42 U.S.C. § 1997e(e) provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the instant case, Russ does not allege that he suffered any physical injury whatsoever as a result of the conditions of confinement he endured during Hurricane Katrina and the allegedly untimely evacuation of the OPP inmates. That defect alone is sufficient to warrant dismissal of Russ's complaint. Nevertheless, even if Russ in fact suffered a physical injury, his complaint is still subject to dismissal for the following reasons.

In this lawsuit, Russ complains that Sheriff Gusman's failure to evacuate the OPP inmates in a timely manner, and the post-storm conditions the inmates were forced to endure as a result, constituted cruel and unusual punishment. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). However, "conditions that cannot be said to be cruel and unusual under

---

[1]The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order to prove that the conditions of his confinement violated the Constitution, an inmate must show that, from an objective standpoint, he was denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 647-48 (5th Cir. 1996).

Although Sheriff Gusman is the custodian of the inmates at OPP, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Rather, Sheriff Gusman may be held liable under § 1983 only if he was personally involved in depriving Russ of his constitutional rights or if a causal connection exists between an act of Sheriff Gusman and the alleged constitutional violation. *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). In the instant case, Russ does not allege that Gusman was personally involved in the acts about which he complains.

Furthermore, to the extent that Russ asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause so as to give rise to a claim under § 1983. *See*

*Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Allegations amounting to negligence simply cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a *constitutional* tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.") (emphasis in original), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994).

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Russ has made no such showing of an intentional indifference to a known risk to his safety by Sheriff Gusman during the unprecedented flooding resulting from the levee breaches after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Glen D. Russ's § 1983 claims against Orleans Parish Criminal Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of January, 2009.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**